25 F.3d 1056
 147 L.R.R.M. (BNA) 3024
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim D. COX, Plaintiff-Appellant,
v.
The BOEING COMPANY and District Lodge No. 70, International
Association of Machinists and Aerospace Workers,
AFL-CIO, Defendants-Appellees.
 No. 93-3321.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 McKAY
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, a former employee of Defendant Boeing Company ("Boeing"), filed suit in federal district court against Boeing and Lodge No. 70 of the International Association of Machinists and Aerospace Workers, AFL-CIO ("the Union"). Plaintiff alleges that in investigating his firing from Boeing, the Union did not fulfill its duty of fair representation, and that Boeing breached its collective bargaining agreement with the Union. In an extensive memorandum and order, the district court granted Defendants' summary judgment motion. On appeal, Plaintiff's main argument is that this court should overrule the line of cases defining "fair representation" and increase the legal obligation owed by a union when it represents employees in disputes. Plaintiff has not provided this court with a sound basis to overrule such cases. After reviewing the briefs, the record, and the exhaustive Order by the district court, we affirm for substantially the same reasons given by the district court.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470